**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

--------------------------------------------------------------- x
PATIENT CARE ASSOCIATES LLC a/s/o A.A.,
N.B., P.D., C.E., K.N., and F.R.,

                          Plaintiff,   Civil Action No. 13-1819 (CCC)

    -against-

JP MORGAN CHASE & Co.; ABC CORP. (1-10)
(Said names being fictitious and unknown
entities),

                         Defendants.
--------------------------------------------------------------- x

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

                                          PROSKAUER ROSE LLP
                                          Lawrence R. Sandak
                                          Edna D. Guerrasio
                                          One Newark Center
                                          Newark, New Jersey 07102
                                          (973) 274-3200

                                          Howard Shapiro*
                                          Poydras Center
                                          650 Poydras Street, Suite 1800
                                          New Orleans, LA 70130-6146
                                          (504) 310-4085
                                          (*pro hac admission pending*)


                                          *Attorneys for Defendant*
                                          *JPMorgan Chase & Co.*

## TABLE OF CONTENTS

                                                                                   **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ...................................................................................................................1

I.     STATEMENT OF FACTS ...........................................................................................1

        A.     The Parties..........................................................................................................1

        B.     Plaintiff's Complaint..........................................................................................2

II.    ARGUMENT................................................................................................................3

        A.     The Applicable Standard for a Motion to Dismiss ...........................................3

        B.     Plaintiff's Breach of Fiduciary Duty Claim in Count Two Should be Dismissed Because it is Duplicative of the Benefit Claim in Count One...................4

        C.     Count Three is Preempted by ERISA and Should be Dismissed as a Matter of Law....................................................................................................7

        D.     No Claim for Compensatory Damages May be Asserted in Count One.....................9

        E.     Plaintiff is Not Entitled to Jury Trial ...............................................................11

III.   CONCLUSION...........................................................................................................12

# **TABLE OF AUTHORITIES**

**CASES**                                                              **PAGE(S)**

*Aetna Health Inc. v. Davila*,
    542 U.S. 200 (2004) ................................................................................................. 10, 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................ 4

*Cohen v. Independence Blue Cross*,
    820 F. Supp. 2d 594 (D.N.J. 2011) ................................................................................. 5

*Cox v. Keystone Carbon Co.*,
    894 F.2d 647 (3d Cir. 1990) .......................................................................................... 11

*Crumley v. Stonhard, Inc.*,
    920 F. Supp. 589 (D.N.J. 1996) ...................................................................................... 9

*Ctr. for Special Procedures v. Conn. Gen. Life Ins. Co.*,
    No. 09-6566, 2010 WL 5068164 (D.N.J. Dec. 06, 2010) ............................................... 8

*Dahi v. Refrigerated Holdings, Inc.*,
    No. 05-105, 2012 WL 870228 (D.N.J. Mar. 13, 2012) .................................................. 9

*DeVito v. Aetna, Inc.*,
    536 F. Supp. 2d 523 (D.N.J. 2008) ............................................................................... 10

*Ford v. Unum Life Ins. Co. of Am.*,
    No. 05–105, 2006 WL 624762 (D. Del. Mar. 9, 2006) ................................................ 10

*Harrow v. Prudential Ins. Co. of Am.*,
    279 F.3d 244 (3d Cir. 2002) ........................................................................................ 5, 6

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) ......................................................................................... 4

*Killian v. Johnson & Johnson*,
    No. 07-4902, 2008 WL 320533 (D.N.J. Jan. 28, 2008) ............................................... 11

*Mass. Mut. Life Ins. Co. v. Russell*,
    473 U.S. 134 (1985) ........................................................................................................ 6

*McCarty v. Holt*,
    No. 12-3279, 2013 WL 775531 (D.N.J. Feb. 27, 2013) ...................................................... 7

*McMahon v. McDowell*,
    794 F.2d 100 (3d Cir. 1986) ................................................................................................ 7

*Mertens v. Hewitt Assocs.*,
    508 U.S. 248 (1993) ............................................................................................................ 9

*Montvale Surgical Ctr., LLC v. Coventry Health Care*,
    No. 12-3685, 2013 WL 1163509 (D.N.J. Mar. 18, 2013) .................................................. 9

*Montvale Surgical Ctr., LLC v. Horizon Blue Cross Blue Shield of N.J. Inc.*,
    No. 12-3685, 2013 WL 444758 (D.N.J. Feb. 5, 2013) ...................................................... 8

*Phillips v. Cnty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ............................................................................................... 3

*Pilot Life Ins. Co. v. Dedeaux*,
    481 U.S. 41 (1987) .................................................................................................... 7, 9, 10

*Precopio v. Bankers Life & Cas. Co.*,
    No. 01-5721, 2004 WL 5284512 (D.N.J. Aug. 10, 2004) .................................................. 6

*Shaw v. Delta Air Lines, Inc.*,
    463 U.S. 85 (1983) .............................................................................................................. 7

*Turner v. CF & I Steel Corp.*,
    770 F.2d 43 (3d Cir.1985) ................................................................................................ 11

*Turner v. CIGNA Grp. Ins.*,
    No. 10-4103, 2011 WL 2038751 (D.N.J. May 24, 2011) ........................................... 10, 11

*Varity Corp. v. Howe*,
    516 U.S. 489 (1996) ............................................................................................................ 5

*Victaulic Co. v. Tieman*,
    499 F.3d 227 (3d Cir. 2007) ............................................................................................... 4

*Wright v. Hartford Benefit Mgmt. Servs.*,
    No. 11-602, 2012 WL 1680094 (D.N.J. May 11, 2012) .................................................... 6

*Zahl v. Cigna Corp.*,
    No. 09-1527, 2010 WL 1372318 (D.N.J. Mar. 31, 2010) .............................................. 5, 9

**STATUTES**

29 U.S.C. § 409 ...................................................................................................................6

29 U.S.C. § 502(a) .........................................................................................................10, 11

29 U.S.C. § 502(a)(1)(B) ............................................................................................. passim

29 U.S.C. § 502(a)(2) ...........................................................................................................6

29 U.S.C. § 502(a)(3) .......................................................................................................4, 5

29 U.S.C. § 1001 .................................................................................................................1

29 U.S.C. § 1109 .................................................................................................................6

29 U.S.C. § 1132(a)(1)(B) ...................................................................................................1

29 U.S.C. § 1132(a)(3) ........................................................................................................5

29 U.S.C. § 1144(a) ............................................................................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) .......................................................................................................3

**INTRODUCTION**

Plaintiff Patient Care Associates LLC ("PCA") brought suit against JPMorgan Chase & Co. ("JPMC") alleging violations of the Employee Retirement Security Income Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"), as well as state law.  PCA is a healthcare provider that performed medical services for six participants of JPMC's self-funded health insurance plan ("the Plan").  PCA alleges that JPMC failed to pay the "usual and customary" fee for the services PCA provided to JPMC's Plan participants in violation of ERISA and New Jersey state law.  However, two counts of PCA's three count complaint fail as a matter of law:  (1) Count Two is a private cause of action for breach of fiduciary duty under ERISA.  Because Count One is a claim for ERISA benefits under § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Count Two is an impermissible re-characterization of the relief sought in Count One; (2) PCA's state law claim for negligent misrepresentation is pre-empted by ERISA; and (3) Plaintiff's claim for compensatory damages, as alleged in Count One, and request for a jury trial are impermissible under ERISA.  Accordingly, Counts Two and Three of PCA's complaint, as well as Plaintiff's claim for compensatory damages in Count One and request for a jury trial, must be dismissed with prejudice.

**I.      STATEMENT OF FACTS**

   **A.      The Parties**

Plaintiff PCA alleges it is a medical center located in Englewood, New Jersey, specializing in surgical procedures.  (*See* Compl. ¶ 1.)  PCA further alleges that Defendant JPMC is a financial services company that maintains a self-funded health insurance plan ("the Plan") for employees and their participating family members.  (*See* Compl. ¶ 2.)  PCA alleges that during the time period of April 2011 to May 2012, PCA, as an out-of-network provider, provided "the treating doctors and facility" for medical procedures administered to six participants of the Plan, A.A., N.B., P.D., C.E., K.N. and F.R.  (*See* Compl. ¶¶ 12, 16-21.)  Upon completion of the

aforementioned medical procedures, PCA alleges that each participant submitted a bill to JPMC for the "usual and customary" charges associated with PCA's services. *Id.* JPMC submitted payment to each participant for a portion of each billed amount. *Id.* Dissatisfied with the payments received, PCA alleges that it submitted appeals for reconsideration and/or further benefit payments from JPMC, but that no additional benefit payments were received. (*See* Compl. ¶¶ 23-24.[1])

### B.  Plaintiff's Complaint

PCA filed a complaint against JPMC in New Jersey state court on February 6, 2013 seeking damages in the amount of $235,981.42, representing the unpaid benefit portions of the remitted charges. (*See* Compl. ¶ 22.) PCA seeks to recover upon three bases, a violation of ERISA § 502(a)(1)(B) seeking unpaid benefits (Count One), breach of fiduciary duty in violation of ERISA (Count Two) and negligent misrepresentation based upon JPMC's failure to pay the "reasonable and customary" fees for the healthcare services rendered (Count Three).[2]

Count One of the Complaint, entitled "Violation of ERISA," seeks payment of benefits under ERISA § 502(a)(1)(B) in accordance with the terms of the Plan. PCA alleges that in accordance with JPMC's "fiduciary functions," its failure to make benefit payments to PCA at the "usual and customary" rates was "arbitrary and capricious" and "in violation of ERISA." (*See* Compl. ¶¶ 31, 34-37.) As a remedy under Count One, Plaintiff seeks "compensatory damages" as well as "interest, costs of suit, attorney's fees and such other relief as the Court deems equitable and just." (*See* Compl. ¶ 39.)

---

[1] PCA alleges that it "received a written Assignment of Benefits agreement from A.A., N.B., P.D., C.E., K.N., and F.R." which "transferred" each participant's "contractual and legal rights" under the Plan to PCA and permits PCA to file an ERISA claim for benefits. (*See* Compl. ¶ 11.)

[2] PCA alleges that it has standing to bring suit and make a claim for benefits as a beneficiary under § 502(a)(1)(B) of ERISA based on the "Assignment of Benefits" it received from the six participants. Defendant disputes this allegation, but does not address the issue in this Motion to Dismiss.

In Count Two, entitled "ERISA – Breach of Fiduciary Duty," PCA also seeks "compensatory damages, interest, costs of suit, attorney's fees and such other relief as the Court deems equitable and just" based upon JPMC's alleged breach of its role as a "fiduciary under ERISA." (*See* Compl. ¶ 44.) Mimicking the claim for benefits in Count One, PCA alleges that JPMC's failure to provide an explanation of its benefits determinations for A.A, N.B., P.D., C.E., K.N., and F.R. was "arbitrary and capricious" and "in violation of ERISA." (*See* Compl. ¶ 45.)

Lastly, Count Three seeks "compensatory damages, interest, costs of suit, attorney's fees and such other relief as the Court deems equitable and just" for JPMC's alleged "negligent misrepresentations" with regard to payment for services rendered under the Plan. (*See* Compl. ¶ 51.) Specifically PCA alleges that JPMC misrepresented the amount it would compensate PCA for services PCA provided to Plan participants and that PCA was damaged as a result of JPMC's failure to pay "reasonable and customary fees." (*See* Compl. ¶ 49.) PCA seeks a jury trial on all three counts of the Complaint. (*See* Compl. "Jury Demand.")

On March 29, 2013, JPMC removed this case to federal court. JPMC now moves this court to dismiss Counts Two and Three of the complaint under Fed. R. Civ. P. 12(b)(6), and, as to Count One, to dismiss the claim for compensatory damages. JPMC also moves to strike the demand for a jury trial.

## II. ARGUMENT

### A. The Applicable Standard for a Motion to Dismiss

When presented with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). To survive a

3

motion to dismiss, however, a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007).  A complaint must contain "sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[W]hen the allegations in a complaint, however true, [can]not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Twombly*, 550 U.S. at 558 (internal citations omitted).  Thus, "[i]n deciding a motion to dismiss, a court . . . need not credit a complaint's 'bald assertions' or 'legal conclusions.'"  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997); *see also Ashcroft,* 556 U.S. at 667 (2009).

### B. Plaintiff's Breach of Fiduciary Duty Claim in Count Two Should be Dismissed Because it is Duplicative of the Benefit Claim in Count One

In Count One, PCA alleges that JPMC violated ERISA § 502(a)(1)(B) by failing to pay the "usual and customary" rates for benefit claims submitted by Plan participants and/or PCA on their behalf.  (*See* Compl. ¶¶ 34-35.)  In Count Two, PCA alleges that JPMC breached its fiduciary duties under ERISA by failing to provide an explanation of its claims determinations. (*See* Compl. ¶ 45.)  In both counts, however, PCA asserts that, as a result of JPMC's actions, it is entitled to "compensatory damages" in the amount of $235,981.42, as well as "interest, costs of suit, attorney's fees and such other relief as the Court deems equitable and just."[3]  (*See* Compl. ¶¶ 22, 39, 46.)

ERISA prohibits PCA from re-characterizing its claim for benefits under § 502(a)(1)(B) – Count One – as a claim for fiduciary breach under § 502(a)(3) – Count Two.  Section 502(a)(3)

---

[3] As will be addressed in sections II D and II E of this memorandum, Plaintiff is not entitled to compensatory damages under any ERISA claim, nor is Plaintiff entitled to a trial by jury.

4

provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." 29 U.S.C. § 1132(a)(3). The Supreme Court has held that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (internal citation omitted). Thus, § 502(a)(3) operates as a "catchall" or "safety net" for "appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Id.* at 512. Claims that may overlap both sections are appropriate only under the more specific section, § 502(a)(1)(B). *Id.* In *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 254 (3d Cir. 2002), the Third Circuit explained that alleged fiduciary breaches involve a claim for benefits when "resolution of the claim[s] rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA" itself. *Id.* at 254 (internal citations omitted).

Courts in this jurisdiction routinely dismiss fiduciary breach claims that merely duplicate benefit claims, particularly where the plaintiff does not seek an equitable remedy. *See Cohen v. Independence Blue Cross*, 820 F. Supp. 2d 594 (D.N.J. 2011) (dismissing claim for breach of fiduciary duty under ERISA where subscriber already asserted § 502(a)(1)(B) claim and sought identical damages under both § 502(a)(1)(B) and breach of fiduciary duty claims, demonstrating the "impermissibly duplicative nature of the two claims"); *Zahl v. Cigna Corp.*, No. 09-1527, 2010 WL 1372318 at *4 (D.N.J. Mar. 31, 2010) (dismissing claim for breach of fiduciary duties under ERISA as impermissibly pled re-characterization of § 502(a)(1)(B) claim for benefits

5

where plaintiff did not seek "additional relief" otherwise not provided for in § 502(a)(1)(B)); *see also*, *Wright v. Hartford Benefit Mgmt. Servs.*, No. 11-602, 2012 WL 1680094 (D.N.J. May 11, 2012) (breach of fiduciary duty claim not allowed as "catch-all" where plaintiff had already brought a claim under ERISA § 502(a)(1)(B) "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan").

PCA's claim for breach of fiduciary duty seeking the payment of Plan benefits is no more than a claim for benefits. (*See* Compl. ¶¶ 40-46.)  As such, it is not distinct from PCA's claim for benefits in Count One, which asserts that JPMC's "denial" of benefits was "not made in good faith, is arbitrary and capricious and is in violation of ERISA." (*See* Compl. ¶ 36.) Moreover, Plaintiff seeks the same award under both Counts One and Two, namely, "compensatory damages, interest, costs of suit, attorney's fees and such other relief as the Court deems equitable and just," further establishing that the two claims are impermissibly duplicative. (*See* Compl. ¶¶ 39, 46.) Lastly, resolution of whether JPMC breached its fiduciary duty by failing to provide an explanation of its claims determinations – according to the Complaint itself – rests upon an interpretation and application of the Plan at issue, not upon an interpretation and application of ERISA. Therefore, it is no different than PCA's claim for benefits as expressed in Count One. (*See* Compl. ¶ 23.) *See Harrow*, 279 F.3d at 254.

Because PCA does not seek "additional relief" above and beyond that which is provided for in ERISA § 502(a)(1)(B), PCA's claim in Count Two must be dismissed.[4]

---

[4] To the extent Count Two is brought under § 502(a)(2) for violations of § 409 of ERISA, 29 U.S.C. § 1109, which outlines liability for breach of fiduciary duty to a plan, Count Two still warrants dismissal because PCA seeks personal damages for the alleged breach of fiduciary duty and recovery under § 502(a)(2) "inures to the benefit of the plan as a whole," not the individual. *Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 140 (1985). *See Precopio v. Bankers Life & Cas. Co.*, No. 01-5721, 2004 WL 5284512, at *28-29 (D.N.J. Aug. 10, 2004) (individuals generally cannot recover personal damages under ERISA § 502(a)(2) for a breach of fiduciary duty).

6

C. **Count Three is Preempted by ERISA and Should be Dismissed as a Matter of Law**

Count Three asserts a state law claim for negligent misrepresentation. (*See* Compl. ¶¶ 47-51.) In this Count, as in the other two Counts, Plaintiff seeks benefits and "compensatory damages" in the amount of $235,981.42, as the "reasonable and customary fee" for the services PCS provided under the terms of the Plan. (*See* Compl. ¶¶ 22, 49-51.) Because Count Three seeks benefit payments from the Plan and relates to payments PCA alleges are due to it under the Plan, Count Three is preempted by ERISA and must be dismissed.

The purpose of ERISA is to provide a uniform regulatory scheme as to legal issues relating to employee benefit plans. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983). It is well-established that ERISA preempts state law claims to the extent that such claims "relate to" an employee benefit plan:

> Except as provided in subsection (b) of this section, the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan….

29 U.S.C. § 1144(a). Courts have construed the phrase "relate to" broadly to further the congressional intent to "establish [employee benefit] plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987). Thus, the phrase "relate to" is to be "given its broad common-sense meaning, such that a state law 'relates to' a benefit plan … 'if it has a connection with or reference to such a plan.'" *McMahon v. McDowell*, 794 F.2d 100, 106 (3d Cir. 1986) (internal citations omitted) (preempting state law wage claim because "[p]laintiffs would be able to determine the amount of any recovery under the state law only by reference to the benefit plans and the provisions of ERISA.") "The Third Circuit has held that a state law claim relates to an employee benefit plan if 'the existence of an ERISA plan [is] a critical factor in establishing liability' and 'the trial court's inquiry would be directed to the plan.'" *McCarty v. Holt*, No. 12-3279, 2013 WL 775531 at *3 (D.N.J. Feb. 27, 2013) (dismissing

state law claims as preempted) (internal citation omitted). Further, "[s]tate law claims such as breach of contract and negligence are typically preempted by ERISA." *Id*. at *3 (citing *Ford v. Unum Life Ins. Co. of Am.*, 351 F. App'x. 703, 706 (3d Cir. 2009)) ("State law claims such as ... breach of contract, negligence, and intentional infliction of emotional distress—would ordinarily fall within the scope of ERISA preemption, if the claims relate to an ERISA-governed benefits plan").

In *Montvale Surgical Ctr., LLC v. Horizon Blue Cross Blue Shield of N.J. Inc.*, No. 12-3685, 2013 WL 444758 (D.N.J. Feb. 5, 2013), plaintiff, a surgical center, brought suit for, among other claims, breach of contract, based on the underpayment of healthcare benefits under a self-funded welfare benefit plan governed by ERISA. In granting Defendants' motion to dismiss the state law claims, this Court reiterated that, because "the state law causes of action sought to recover the benefits to which [Plaintiff] claims it is entitled under the Plan," "clearly, the claims 'relate to' the plan" and are preempted by ERISA. *Id.* at *3. Similarly, in *Ctr. for Special Procedures v. Conn. Gen. Life Ins. Co.*, No. 09-6566, 2010 WL 5068164 (D.N.J. Dec. 06, 2010), this Court dismissed nine state law claims as expressly preempted by ERISA because they "'relate[d] to' Defendants' administration of the ERISA plans." *Id.* at *3. The Court found that each state law cause of action, including breach of contract, promissory estoppel and negligent misrepresentation, was "rooted in the premise that Defendants should have remitted payment to Plaintiff for services Plaintiff rendered to persons covered by the plans." *Id.* (internal citations omitted.) "Reference to the plans is necessary because no contract existed as between Defendants and Plaintiff as a non-participating, out-of-network provider to govern the parties' obligations." *Id.*

8

In Count One, PCA asserts a claim for benefits under the Plan pursuant to ERISA § 502(a)(1)(B). Then, in Count Three, PCA asserts a claim for negligent misrepresentation to recover the "significant damages" PCA allegedly suffered as a result of JPMC's failure to pay the "reasonable and customary fees" for PCA's services. (*See* Compl. ¶¶ 49, 51.) Because the Court would be unable to determine any recovery amount for PCA's state law claim without reference to the Plan, such claims plainly "relate to" the Plan and are therefore preempted by ERISA. *See Montvale Surgical Ctr., LLC v. Coventry Health Care*, No. 12-3685, 2013 WL 1163509 (D.N.J. Mar. 18, 2013) (dismissing state law claims as preempted by ERISA); *Dahi v. Refrigerated Holdings, Inc.*, No. 05-105, 2012 WL 870228 at *3 (D.N.J. Mar. 13, 2012) (where plaintiff's claims are "inextricably linked" to ERISA plan, they are preempted); *Zahl v. Cigna Corp.*, 2010 WL 1372318 at *3 (dismissing claims for breach of contract, misrepresentation and unjust enrichment as preempted by ERISA where insurance coverage alleged in the complaint related to employee benefit plan and "no amount of discovery [would] alter this fact."); *Crumley v. Stonhard, Inc.*, 920 F. Supp. 589 (D.N.J. 1996) (same).

### D. No Claim for Compensatory Damages May be Asserted in Count One

In Count One, Paragraph 39(a), Plaintiff seeks compensatory damages. Compensatory damages constitute legal relief. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993) (compensatory damages are the "classic form of legal relief.") However, pursuant to ERISA § 502(a)(1)(B), Plaintiff may only recover *benefits* under the Plan. As the Supreme Court explained in *Pilot Life Ins. Co*, 481 U.S. at 54, the "deliberate care" with which ERISA's civil enforcement remedies were drafted demonstrate that "ERISA's civil enforcement remedies were intended to be exclusive," and any remedy not provided for therewith, was excluded. The Court explained,

> [t]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. "The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly."

*Id.* at 54 (citing *Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985)).  Accordingly, ERISA does not permit recovery of legal damages such as compensatory damages.  *See* 29 U.S.C. § 1132(a)(1)(B).  *See also, Turner v. CIGNA Grp. Ins.*, No. 10-4103, 2011 WL 2038751 at *8 (D.N.J. May 24, 2011) (because "ERISA does not allow recovery of extra-contractual damages … Plaintiff's request for compensatory, consequential, and punitive damages is denied");  *DeVito v. Aetna, Inc.*, 536 F. Supp. 2d 523, 531 (D.N.J. 2008) ("It is settled law that ERISA does not provide compensatory or punitive damages.") (citing *DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 458 (3d Cir. 2003);  *Ford v. Unum Life Ins. Co. of Am.*, No. 05–105, 2006 WL 624762, at *2 (D. Del. Mar. 9, 2006) ("[L]ost wages, pain and suffering, and other consequential damages, are not available under ERISA.")

Since ERISA only provides for equitable relief, any common law claims for compensatory damages are preempted.  "The mere fact that the state cause of action attempts to authorize remedies beyond those authorized by ERISA § 502(a) [does not] put the cause of action outside the scope of the ERISA civil enforcement mechanism."  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 214-15 (2004).  "The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined

10

if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Id.* at 208 (citing *Pilot Life Ins. Co.*, 481 U.S. at 54).

  **E.**  **Plaintiff is Not Entitled to Jury Trial**

Lastly, under the statutory scheme provided by Congress, Plaintiff is not entitled to a jury trial. Section 502(a) authorizes three separate causes of action, each of which is expressly equitable. The Third Circuit has consistently held that because a § 502(a)(1)(B) cause of action for the recovery of benefits is equitable in nature, suit for the recovery of benefits from an ERISA plan does not entitle a litigant to a jury trial. *Turner v. CF&I Steel Corp.*, 770 F.2d 43, 48 (3d Cir. 1985). *See also*, *Cox v. Keystone Carbon Co.*, 894 F.2d 647, 649–50 (3d Cir. 1990); *Turner v. Cigna Grp. Ins.,* 2011 WL 2038751 at *7; *Killian v. Johnson & Johnson*, No. 07-4902, 2008 WL 320533, at *3 (D.N.J. Jan. 28, 2008). Because there is no right to a jury trial under § 502(a)(1)(B), and all of Plaintiff's state law claims are preempted by ERISA, the Court must strike Plaintiff's request for a jury trial.

### III. CONCLUSION

For all the foregoing reasons, this Court should grant JPMC's motion to dismiss, dismissing Counts Two and Three with prejudice and striking Plaintiff's claim for compensatory damages in Count One, Paragraph 39(a), as well as Plaintiff's request for a jury trial.

                Respectfully submitted,

                PROSKAUER ROSE LLP

By:    /s/ Lawrence R. Sandak
        Lawrence R. Sandak
        Edna D. Guerrasio
        One Newark Center
        Newark, New Jersey 07102-5211
        Phone: 973.274.3200
        Fax:  973.274.3299

        Howard Shapiro (*pro hac admission pending*)
        Poydras Center
        650 Poydras Street, Suite 1800
        New Orleans, LA 70130-6146
        (504) 310-4085
        *Attorneys for Defendant*

Dated:  April 26, 2013